

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00036-CR
No. 07-26-00037-CR

JHON SCOTT SMOUT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 97th District Court
Montague County, Texas[1]
Trial Court Nos. 2018-0131M-CR & 2018-0132M-CR, Honorable Trish C. Byars, Presiding

August 12, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Jhon Scott Smout, appeals from two trial court judgments adjudicating him guilty[2] of assault on a member of his family or household in which he impeded the

---

[1] This cause was originally filed in the Second Court of Appeals. It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001.

[2] Subject to a plea agreement, Appellant's adjudication was deferred in both cases and he was placed on community supervision for a period of five years on June 26, 2018. The terms of his community supervision were twice modified and extended resulting in his community supervision period expiring on June 25, 2025. However, on August 23, 2024, the State filed a motion to adjudicate Appellant's guilt alleging multiple violations of the terms of his community supervision.

victim's breathing,[3] and aggravated assault with a deadly weapon.[4]  He was sentenced to 10 years' incarceration and a $10,000 fine for the family violence conviction and 20 years' incarceration and $10,000 fine for the aggravated assault conviction.  Appellant's court-appointed appellate counsel has filed motions to withdraw supported by *Anders*[5] briefs.  We grant counsel's motions and affirm the judgments of the trial court.

In support of his motions to withdraw, counsel has certified that he has conducted a conscientious examination of the records and, in his opinion, they reflect no reversible error upon which an appeal can be predicated.  *Id*. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the records present no reversible error.  In a letter to Appellant, counsel notified him of the motions to withdraw; provided him with the motions, *Anders* brief, and a copy of the appellate records; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief.  Appellant filed a response.[6]  The State has not filed a brief.

---

[3] *See* TEX. PENAL CODE § 22.01(a), (b)(2)(B).

[4] *See id*. §22.02(a)(2).

[5] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[6] Appellant's response exclusively challenges the voluntariness of his plea entered at the time he was placed on deferred adjudication.  Issues related to the plea may not be raised in a direct appeal from the trial court's adjudication of Appellant's guilt.  *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (appellant may only raise issues relating to original plea proceeding in appeals taken at the time deferred adjudication is initially imposed); *see also Cohen v. State*, 41 S.W.3d 223, 227 (Tex. App.—Fort Worth 2001, no pet.) (same).

By his *Anders* brief, counsel discusses areas in the records where reversible error may have occurred but concludes that the appeals are frivolous. We have independently examined the records to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate records and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's convictions or sentences.

Accordingly, we grant counsel's motions to withdraw and affirm the trial court's judgments.[7]

Judy C. Parker
Chief Justice

Do not publish.

---

[7] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgments, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motions to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.